BAUMGARTNER *v.* STURGEON RIVER BOOM CO.

1. WATERS — STOPPAGE OF LOGS — OVERFLOWED LANDS — ACTION FOR DAMAGES—PLEADING.

    A declaration in an action against a boom company for damages resulting from an overflow of water caused by the stoppage of logs in a navigable stream need not allege that the company was negligent.

2. DECLARATION—MEANING OF TERMS—"GROWING HAY."

    The term "growing hay," used in a declaration alleging damages from an overflow of plaintiff's land, means grass in its growing state, while the term "hay" would cover only that which is cut and dried.

Error to Baraga; Haire, J., presiding. Submitted April 4, 1899. Decided June 5, 1899.

Case by Philip G. Baumgartner against the Sturgeon River Boom Company for causing the flooding of plaintiff's land. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff commenced this suit by filing and serving a declaration in a plea of trespass on the case, in which he alleged that the defendant maintained a boom on the Sturgeon river, four miles below his farm, which was situated along the banks of the river, for the purpose of stopping logs floating down the river; that during three years it did stop the logs, causing them to jam and accumulate for 15 miles up the river, and thereby caused the water to back up and overflow onto the plaintiff's lands; that said waters would not have overflowed in any one year onto his lands were it not for the said boom and said logs; that the natural and inevitable result of maintaining said boom and stopping said logs was to flood his land; that in so doing defendant had caused certain

120 MICH.—21.

ditches of the plaintiff to be filled with sand and drift-wood, and that said overflow "did utterly destroy, in each year, hay of the said plaintiff then upon said land growing," and alleged the amount each year. To this declaration defendant demurred: (1) That it did not state that the damage was caused by the negligence of defendant; (2) that it did not allege no contributory negligence on the part of the plaintiff. The demurrer was overruled. Defendant pleaded the general issue, and the case went to trial upon the merits, resulting in a verdict for the plaintiff. Upon the trial, defendant seasonably objected to any testimony under the declaration for the same reasons as those stated in the demurrer. After the testimony closed, it requested the court to direct a verdict in its behalf for the further reason that the plaintiff had shown a loss of no hay which had been grown and matured into a marketable crop.

*Gray & Looney,* for appellant.

*Button & Culver,* for appellee.

GRANT, C. J. (*after stating the facts*). 1. The rights of boom companies and others in driving logs down the navigable streams of this State were settled in *Grand Rapids Booming Co.* v. *Jarvis,* 30 Mich. 308. Under that decision log drivers have no right to stop the logs flowing down the stream so as to interfere with the natural flow of the water with the running logs in it. If stopping the logs caused the water to overflow, the boom companies are responsible in damages for the overflow. In such cases the pleader need only allege the obstructions, the stoppage of the water, the consequent overflow and damage, to make his declaration sufficient. It is unnecessary to add the allegation that this was negligently done. The act speaks for itself, and carries with it the obligation to respond in damages. Negligence is not a necessary element of liability. It may be necessary to stop the logs in order to save them, and the boom company might

be liable to the log owners for loss if it failed to stop them. But this necessity does not relieve the company from liability for the overflow. The demurrer was therefore properly overruled.

2. If the declaration had alleged the destruction of so many tons of hay each year, we think the position taken by the defendant would have been sound, because hay is not grass in a growing state, but the grass after it has been cut and dried for fodder. Webst. Dict.; Cent. Dict. But under the declaration in this case it is manifest that the word was not used in this sense, because it referred to it as growing upon the land, and described the injury as occurring to the "growing hay." We think there was no opportunity of being misled, and that the instruction to direct a verdict was properly refused.

Judgment affirmed.

The other Justices concurred.